1 | ANNE M. BEVINGTON (SBN 111320)
ALLAN D. SHULDINER (SBN 252259)
2 | TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
3 | 1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
4 | (510) 906-4710
abevington@sjlawcorp.com
5 | ashuldiner@sjlawcorp.com
tdo@sjlawcorp.com
6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and MARIAN BOURBOULIS, TRUSTEES; | Case No.: _____ <br><br> **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| J&C FUENTES PAINTING & DECORATING CO., INC., a California corporation; CF PAINTING & DECORATING, INC., a California corporation; and DOES 1-10, | |
| Defendants. | |

## INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§ 1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

1

COMPLAINT

Under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), all trades or businesses under common control are to be treated as a single employer.  ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2), and any dispute concerning the Plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

ERISA §4219(a), 29 U.S.C. §1399(a), requires an employer to provide the Plan with all information the Plan reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of Title IV of ERISA, including the determination and collection of withdrawal liability.

Defendant J&C Fuentes Painting & Decorating Co., Inc. ("J&C"), a California corporation, was a participating employer in the Bay Area Painters and Tapers Pension Trust Fund.  Plaintiffs are informed and believe that Carlos Fuentes owned 80% or more of the voting shares of Defendant J&C.  On or about April 13, 2016, Defendant J&C filed for Chapter 7 bankruptcy and ceased business operations, thereby withdrawing from participation in the Plan and triggering the Plan to assess withdrawal liability against Defendant J&C and all members of its controlled group for the sum of $404,883.00 under ERISA § 4203, 29 U.S.C. § 1383.  By letter dated December 19, 2017 and updated on February 26, 2018, Plaintiffs notified Defendant J&C and all members of its controlled group of the assessed withdrawal liability.  On April 11, 2018, Plaintiffs notified Defendant J&C and its controlled group in writing that because Defendant J&C had filed for Chapter 7 bankruptcy which closed on June 2, 2016, there was a substantial likelihood that it would be unable to pay its withdrawal liability and thus, the Plan accelerated the entire unpaid withdrawal liability.

Defendant CF Painting & Decorating, Inc. ("CF") is a California corporation.  Plaintiffs are informed and believe that Carlos Fuentes owns 80% or more of the voting shares of Defendant CF. Plaintiffs are informed and believe that Defendant CF is a member of J&C's controlled group and is therefore liable for Defendant J&C's withdrawal liability.  In the

COMPLAINT

1  alternative, Plaintiffs are informed and believe that Defendant CF is a successor to Defendant

2  J&C, and is therefore liable for Defendant J&C's withdrawal liability.

3      Defendants did not request review of the assessment or initiate arbitration.  As of the

4  filing of this Complaint, Defendants are in default on the outstanding withdrawal liability.

5  Plaintiffs therefore seek a money judgment against Defendants J&C and each member of

6  Defendant J&C's controlled group for an award of the entire assessed withdrawal liability less

7  any credits for recoveries received prior to judgment, plus interest, liquidated damages,

8  attorneys' fees and costs.  Plaintiffs also seek an order finding Defendant CF to be a controlled

9  group member and/or successor of Defendant J&C and liable for the withdrawal liability.

10  Plaintiffs further seek injunctive relief against Defendant J&C to provide adequate information

11  relating to any additional members of its controlled group under ERISA §4001(b)(1), 29 U.S.C.

12  §1301(b)(1), and any transactions to evade its withdrawal liability under ERISA §4212, 29

13  U.S.C. §1392.

14                                         **PARTIES**

15      1.      The Bay Area Painters and Tapers Pension Trust Fund ("Plan") is an "employee

16  benefit plan" as defined in ERISA § 3(3), 29 U.S.C. § 1002(3), an "employee benefit pension

17  plan" as defined in ERISA § 3(2), 29 U.S.C. § 1002(2), and a "multiemployer plan" as defined in

18  ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).  The Plan is jointly

19  administered and is maintained pursuant to the Labor Management Relations Act § 302(c), 29

20  U.S.C. § 186(c).

21      2.      Plaintiffs Chris Christophersen and Marian Bourboulis are members of the Board

22  of Trustees of Plan, the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii) and

23  4001(a)(10)(A), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A).  They are therefore

24  fiduciaries of the Plan under ERISA §§ 3(21)(A) and 402(a), 29 U.S.C. § 1002(21)(a) and

25  1102(a).  As Trustees of the Plan, they are empowered to bring this action on behalf of the Plan

26  pursuant to ERISA § 4301(a)(1) & (b) and § 502(a)(3), 29 U.S.C. §§ 1451(a)(1) & (b) and

27  1132(a)(3).

28      3.      Defendant J&C is a suspended California corporation with its principal place of

                                            3

business located at 11000 San Leandro Street, in Oakland, CA 94603.  It was an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and National Labor Relations Act ("NLRA") § 2(2), 29 U.S.C. § 152(2), and was engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

4.     Plaintiffs are informed and believe that, at all relevant times, Carlos Fuentes owned 80% or more of the voting shares of Defendant J&C, and was the Chief Executive Officer, Secretary, Chief Financial Officer, sole Director, and Agent for Service of Process of J&C.

5.     Defendant CF is a California corporation with its principal place of business located at 1305 145th Avenue in San Leandro, CA 94578.  Defendant CF is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and NLRA § 2(2), 29 U.S.C. § 152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12).

6.     Plaintiffs are informed and believe that, at all relevant times, Carlos Fuentes owned 80% or more of the voting shares of Defendant CF, and was the Chief Executive Officer, Secretary, Chief Financial Officer, sole Director, and Agent for Service of Process of CF.

7.     Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant J&C under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).  Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

### JURISDICTION AND VENUE

8.     Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§ 4301(c) and 502(e)(1) & (f), 29 U.S.C. §§ 1451(c) and 1132(e)(1) & (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

9.     Venue is conferred upon this Court by ERISA §§ 4301(d) and 502(e)(2), 29

COMPLAINT

U.S.C. §§ 1451(d) and 1132(e)(2).  Where an action is brought under ERISA §§ 4301 and 502, 29 U.S.C. §§1451 and 1132, in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found.  Process may be served nationwide in any district where a defendant resides or may be found.  The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

10.     Because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County and Alameda County, this civil action should be assigned to the San Francisco or Oakland Divisions.

## FACTUAL ALLEGATIONS

11.     Defendant J&C was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the District Council 16 of the International Union of Painters and Allied Trades ("Union").  The Union is a labor organization as defined in NLRA § 2(5), 29 U.S.C. § 152(5), that represents employees in an industry affecting interstate commerce.  Defendant J&C was obligated to and did make contributions to the Plan on behalf of its employees that were covered under that Bargaining Agreement.

12.     On or about April 13, 2016, Defendant J&C made a complete withdrawal under ERISA § 4203, 29 U.S.C. § 1383, from participation in the Plan when it filed for Chapter 7 bankruptcy, case number 16-40994-RLE (N.D. Cal.), and ceased business operations.

13.     Plaintiffs are informed and believe that Defendant J&C has gone out of business and its assets have been liquidated and/or sold following the close of its Chapter 7 bankruptcy on June 2, 2016.

14.     Plaintiffs are informed and believe that Defendant CF registered with the California Secretary of State on June 2, 2016, the same day that J&C's bankruptcy was closed, and that CF's business license is active.

15.     Plaintiffs are informed and believe that Defendant CF obtained its California

5

COMPLAINT

contractor's license on August 29, 2016, and that CF's contractor's license is active.

16.      By written notice dated December 19, 2017 and updated on February 26, 2018 ("Notice of Assessment"), Plaintiffs notified Defendants J&C, CF and all identified members of J&C's controlled group of the withdrawal liability assessed against them pursuant to ERISA §§ 4201-4203, 29 U.S.C. §§ 1381, et seq.  Specifically, the Plan notified Defendants J&C and CF of the following in the written notice which is attached hereto as **Exhibits 1** and **2,** and incorporated herein by this reference:

(a)      The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2015, as required by ERISA § 4211(b)(2)(A), 29 U.S.C. § 1391(b)(2)(A).

(b)      The withdrawal liability of Defendant J&C in the amount of $404,883.00 could be paid lump sum or in quarterly installments as follows:

|  |  |
|---|---|
| $22,830.00 | April 1, 2018 |
| $22,830.00 | July 1, 2018 |
| $22,830.00 | October 1, 2018 |
| $22,830.00 | January 1, 2019 |
| $22,830.00 | each successive quarter through January 1, 2023 |
| $11,071.00 | April 1, 2023 |

(c)      Defendant J&C had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2).

(d)      Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

(e)      Information and documents necessary to assist the Plan in recovering the withdrawal liability, including information and documents regarding all trades and businesses under common control of Defendant J&C, were required to be provided within thirty (30) days pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a).

6

COMPLAINT

17.     In order to initiate arbitration under section ERISA § 4221(a)(1), 29 U.S.C. § 1401(a), an employer must first request review of the assessed withdrawal liability.  Section XV of the Plan's Withdrawal Liability Procedures mirrors ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), which requires an employer's request for review to be in writing.  Neither Defendant J&C, nor any member of its controlled group, requested review and therefore they are precluded from initiating arbitration, and the time to do so has expired.

18.     Neither Defendant J&C nor any member of its controlled group made any of the required quarterly installment payments, or provide sufficient information regarding controlled group members.

19.     On April 11, 2018,  Plaintiffs notified Defendant J&C in writing that, pursuant to Section XIII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to the December 19, 2017 written notice), ERISA § 4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b) and PBGC § 4219.31(b)(2), the entire unpaid withdrawal liability was accelerated, and the entire unpaid amount of $404,883.00, plus interest and liquidated damages, was immediately due and payable, because J&C was out of business with a Chapter 7 bankruptcy which closed on June 2, 2016, had a suspended corporate status and an expired contractor's license, all of which indicated a substantial likelihood that it would be unable to pay its withdrawal liability.  This written notice dated April 11, 2018 is attached hereto as **Exhibit 3** and incorporated herein by this reference.  As of the filing of this Complaint, Defendant J&C has not made any of the required withdrawal liability payments and thus is in default under ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).

20.     Plaintiffs are informed and believe and on that basis allege that Defendant CF substantially continued the operations of its predecessor Defendant J&C.  In addition, Plaintiffs are informed and believe that Defendant CF became the successor of Defendant J&C with notice of Defendant J&C's withdrawal liability, and that most, if not all, of the employees of Defendant CF were covered employees of Defendant J&C.

/ / /

/ / /

7

COMPLAINT

**FIRST CAUSE OF ACTION**
**Against Defendants J&C, CF and DOES 1 through 10 for Violation of ERISA § 4219,**
**29 U.S.C. § 1381: Request for Payment of Withdrawal Liability, Interest,**
**Liquidated Damages, Attorneys' Fees and Costs**

21.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 20, above.

22.    On or about April 13, 2016, Defendant J&C made a "complete withdrawal" from the Plan as that term is defined in ERISA § 4203, 29 U.S.C. § 1383, et seq.

23.    On December 19, 2017 and updated on February 26, 2018, Plaintiffs assessed withdrawal liability against Defendant J&C and all members of its controlled group, including Defendant CF and the defendants named here as DOES 1 through 10, and thereafter, declared Defendants to be in default and accelerated payments pursuant to ERISA § 4219(c)(5)(b), PBGC § 4219.31(b)(2).

24.    To date, Defendants have not paid any of the assessed withdrawal liability.  Thus, Defendants and each other member within J&C's control group, including but not limited to CF, are in default and are jointly and severally liable for the entire amount of the unpaid withdrawal liability under ERISA §§ 4219(c)(5) and 4001(b)(1), 29 U.S.C. §§ 1399(c)(5) and 1301(b).

25.    Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $404,883.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§ 4219(c)(5) and 502(g)(2), 29 U.S.C. §§ 1399(c)(5) and 1132(g)(2).

26.    ERISA § 4301(b), 29 U.S.C. § 1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145. Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§ 4301(b) and 502(g)(2), 29 U.S.C. §§ 1301(b) and 1132(g)(2).  The Plan provides for interest at the prime rate plus 3%, or 7.5%, per annum and for liquidated damages in an amount equal to the greater of 20% of the total unpaid withdrawal liability or interest on the total unpaid withdrawal liability.

27.    Plaintiffs, therefore, seek a money judgment against Defendants for an award of

8

COMPLAINT

the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

### SECOND CAUSE OF ACTION
**Against Defendant CF for Federal Common Law Successor Withdrawal Liability**

28.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27, above.

29.     Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where: 1) the subsequent employer substantially continues the business operations of the predecessor; and, 2) the subsequent employer had notice of the potential liability.   *Steinbach v. Hubbard,* 51 F.3d 843, 845-846 (9th Cir. 1995). Successor liability has been extended to almost every employment statute, including ERISA. *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac,* 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 (9th Cir. 1987).

30.     The Ninth Circuit specifically holds that an employer as a successor can be liable for the withdrawal liability of its predecessor where: 1) the successor had actual or constructive notice of the liability; and, 2) there is a substantial continuity in the business operations between predecessor and the successor.   *Resilient Floor Covering Pension Trust Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079 (9th Cir. 2015); *Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, 891 F.3d 839 (9th Cir. 2018).

31.     Plaintiffs are informed and believe and on that basis allege that Defendant CF substantially continued Defendant J&C's painting business operations, providing the same services and using employees who previously worked for Defendant J&C.

32.     Plaintiffs are informed and believe and on that basis allege that Carlos Fuentes was the owner, sole officer, and sole director of both Defendants J&C and CF, that Carlos Fuentes had actual or constructive knowledge of Defendant J&C's liability or potential liability to the Plan, and that such knowledge is imputed to Defendants J&C and CF.

33.     Plaintiffs allege that under the totality of the circumstances, there are sufficient indicia of continuity between Defendant J&C and Defendant CF to hold Defendant CF liable as

COMPLAINT

1  the successor in interest to Defendant J&C with regard to Defendant J&C's withdrawal liability

2  obligation owed to the Plan.

3      34.    Plaintiffs, therefore, seek a money judgment against Defendant CF for an award

4  of the entire balance of the unpaid withdrawal liability less any credits for recoveries received

5  before the time of judgment, plus interest, an amount equal to the greater of liquidated damages

6  or interest, and costs, including attorneys' fees.

### THIRD CAUSE OF ACTION
#### Against Defendant J&C for Violation of ERISA § 4219(a), 29 U.S.C. § 1399(a): Failure to Provide Required Information under ERISA

9      35.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, above.

10     36.    In violation of ERISA § 4219(a), 29 U.S.C. § 1399(a), Defendant J&C has failed

11  to provide the Plan with all necessary information to enable the Plan to comply with the

12  requirements of ERISA, including but not limited to information relating to the identities of all

13  members of Defendant J&C's controlled group under ERISA § 4001(b)(1), 29 U.S.C. §

14  1301(b)(1) and any transactions to evade or avoid J&C's withdrawal liability under ERISA §

15  4212, 29 U.S.C. § 1392.

16     37.    The failure of Defendant J&C to pay the withdrawal liability in accordance with

17  ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), and provide requested information in accordance

18  with ERISA § 4219(a), 29 U.S.C. § 1399(a) has caused the Plan to sustain loss of investment

19  income and incur administrative and legal expenses.

20     38.    Defendant J&C's failure to comply with the law has caused the Plan to suffer

21  immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at

22  law.

23     39.    Due to Defendant J&C's failure to provide sufficient information, Plaintiffs are

24  required to name its unknown controlled group members and parties who engaged in transactions

25  to evade its withdrawal liability as fictitious defendants until their true identities can be

26  discovered.

27     40.    Thus, injunctive relief as prayed for below is proper.

28

COMPLAINT

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1.   For a judgment providing that Defendant J&C and DOES 1 through 10 are jointly and severally liable to immediately pay to Plaintiffs the following sums:

(i)   The unpaid withdrawal liability of $404,883.00, less any credits for recoveries received before the time of judgment;

(ii)   Interest at the rate of 7.5% simple interest per annum pursuant to ERISA §§ 4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. § 1399(c)(5) and (6) and 1132(g)(2);

(iii)   Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), liquidated damages equal to the greater of:

(a)   The interest on the total unpaid withdrawal liability as of the due date of the first withdrawal installment payment which was not timely made, or

(b)   An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

(iv)   Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§ 4301(e) and 502(g), 29 U.S.C. §§ 1451(e) and 1132(g).

2.   For an order finding Defendant CF a controlled group member and/or successor of Defendant J&C and therefore jointly and severally liable for the withdrawal liability, interest, liquidated damages, attorneys' fees, and costs.

3.   For injunctive relief ordering Defendant J&C to provide all of the documentation and information requested by the Plan, including but not limited to information regarding all trades or businesses which are within Defendant J&C's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

/ / /

/ / /

/ / /

COMPLAINT

4.      Such other relief as this Court deems appropriate.

Dated:  July 10, 2018                           SALTZMAN & JOHNSON
                                                LAW CORPORATION


                                        By:   */s/ Tino X. Do*_____
                                              Tino X. Do
                                              Attorneys for Plaintiffs

COMPLAINT