United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BAY AREA PAINTERS & TAPERS PENSION TRUST FUND, and its BOARD OF TRUSTEES; CHRIS CHRISTOPHERSON and MARIAN BOURBOULIS, TRUSTEES;<br><br>Plaintiffs,<br><br>v.<br><br>J&C FUENTES PAINTING & DECORATING CO. INC., a California Corporation; CF PAINTING & DECORATING, INC., a California Corporation; and DOES 1–10,<br><br>Defendants. | Case No. 18-cv-04118-LB<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ALTERNATIVE SERVICE OF SUMMONS**<br><br>Re: ECF No. 10 |

## INTRODUCTION

The plaintiffs sued J&C Fuentes Painting & Decorating Co., Inc.— and its successor employer CF Painting & Decorating, Inc. — for nonpayment of withdrawal liability, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), and (against J&C) for failure to provide the necessary information to enable the Plan to comply with ERISA's requirements.[1] The

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-04118-LB

plaintiffs tried unsuccessfully to serve the defendants by service on the corporations' registered agent, Carlos Fuentes, and by service directly at the listed business address.[2] The plaintiffs now ask to serve the defendants by service on the Secretary of State. The court finds the matter suitable for determination without oral argument under Civil Local Rule 7-1(b). The court authorizes service (and also authorizes service by email).

**STATEMENT**

The plaintiffs filed the complaint on July 10, 2018.[3] The plaintiffs confirmed the following about the defendants' addresses. According to the records of the California Secretary of State, J&C Fuentes Painting & Decorating Co., Inc. has an "FTB suspended" status and its registered agent for service is Carlos Fuentes at 1487 156th Avenue, Oakland, California; it is no longer an ongoing business entity and is no longer at its listed business location at 1100 San Leandro Street, Oakland, California.[4] CF Painting & Decorating, Inc. has an "active" status, and its agent for service of process is Carlos Fuentes at 1305 145th Avenue, San Leandro, CA.[5] Its executive and principal business offices are located at that address,[6] which is a gated residential home.[7] The plaintiffs retained First Legal Investigations to serve the defendants.[8] First Legal sent Ellenor Rios to attempt service on Carlos Fuentes as agent for service of process for both corporate defendants at 1305 145th Avenue in San Leandro.[9] Ms. Rios made seven unsuccessful attempts to serve Mr. Fuentes at various times of day between July 21 and July 29, 2018: (1) Saturday, July 21, 2018 at 10:00 a.m. to 2:00 p.m.; (2) Sunday, July 22, 2018 at 5:00 p.m. to 7 p.m.; (3) Tuesday, July 24,

---

[2] Application – ECF No. 10 at 2–3.

[3] Compl. – ECF No. 1.

[4] Do Decl. – ECF No. 10-1 at 2 (¶ 3) & Ex. A – ECF No. 10-2 at 2.

[5] *Id.* at 10-1 at 2 (¶ 3) & Ex. B – ECF No. 10-3 at 3. The declaration lists the address as 1305 145th Street in Oakland, but the record shows that it is San Leandro. *Id.*

[6] *Id.*

[7] *Id.* at 2 (¶ 5).

[8] *Id.*

[9] *Id.*

2018 at 6:00 a.m. to 8:00 a.m.; (4) Thursday, July 26, 2018 at 7:00 p.m. to 9:00 p.m.; (5) Friday, July 27, 2018 at 7:12 p.m. to 9:12 p.m.; (6) Saturday, July 28, 2018 at 7:58 a.m.; and (7) Sunday, July 29, 2018, at 5:59 p.m.[10] At each visit, Ms. Rios observed company cars with company logos (and personal cars) parked nearby. She knocked on the door of the residence, but there was no answer and no sounds, and she saw no one entering or exiting the residence.[11] On her fifth attempt at service, the gate was locked (and she could not access the property), and she saw lights on inside the residence (unlike the fourth visit), and the company truck and another vehicle were no longer present.[12] On her subsequent visits, the gate was still locked, and the vehicles were still missing.[13]

On August 6, 2018, the plaintiffs' counsel sent a copy of the complaint, summons, application for alternative service, and supporting documents by email to "carloscfpainting@gmail.com," which was the email that Mr. Fuentes listed on an April 14, 2017 letter in his capacity as principal of CF Painting & Decorating.[14] As of the filing date of August 8, 2018, Mr. Fuentes had not responded.[15]

**ANALYSIS**

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code. § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substituted service"), *see id.* § 415.20; (3) service by mail with acknowledgement of receipt, *see*

---

[10] Rios Affidavit of Due Diligence– ECF No. 10-5 at 2–3.
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.*
[14] Do Decl. – ECF No. 10-1 at 3 ¶ 6.
[15] *Id.*

*id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Avoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30). Courts have construed Section 413.30 as authorizing service by email where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service. *See, e.g., id.*; *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.,* No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014); *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013).

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process on corporations and other business entities by any method permitted by the law of the state in which the district court is located or in which service is made. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under California law, a court may authorize service on a corporation through the Secretary of State if (1) the corporation's agent for service has resigned and has not been replaced, and (2) the plaintiff shows by affidavit that process "against [the] domestic corporation cannot be served with reasonable diligence." Cal. Corp. Code § 1702(a). The "reasonable diligence" requirement may be satisfied by showing that process cannot be served (i) on the corporation's designated agent by hand under California Civil Code sections 415.10, 415.20(a), or 415.30(a), or (ii) on the corporation itself under Civil Code sections 416.10(a)–(c) or 416.20(a). *Id.*

The plaintiffs have satisfied the first requirement as to both J&C Fuentes Painting and Decorating, and CF Painting & Decorating by demonstrating that the corporations' designated agent for service, Carlos Fuentes, cannot with reasonable diligence be found. In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would

ORDER – No. 18-cv-04118-LB 4

have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996).

Here, the plaintiffs took reasonable steps to determine the identity of the agent for service and his whereabouts, as well as the addresses at which the defendant corporations are registered. The plaintiffs then made seven in-person attempts to serve Mr. Fuentes, the registered agent for service, at the address designated for personal delivery of the process, and have also tried to reach him by email, all to no avail. The process server attempted service seven times, each at different times of the day and night, and the plaintiffs' counsel attempted to reach Mr. Fuentes at his listed email address.[16] These repeated attempts constitute reasonable diligence on the part of the plaintiffs.

The plaintiffs also satisfied the second requirement as to CF Painting & Decorating. The 145th Avenue address at which service was attempted is also the listed address for CF Painting & Decorating's executive office and principal business office. As discussed, the repeated attempts to serve process at that address constitute reasonable diligence within the meaning of the California Corporations Code. J&C Fuentes Painting & Decorating Co., Inc. is no longer an on-going business concern, and so attempting service on the corporation itself is not possible.[17]

## CONCLUSION

The court grants the plaintiffs leave to serve the defendants by service upon the Secretary of State of California. Service must comply with California Corporations Code § 1702(a), which provides that service may be made by delivering a copy of the process for each defendant to be served, together with the order authorizing such service, by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy. Cal.

---

[16] Rios Affidavit of Due Diligence – ECF No. 10-1 at 3–4; Do Decl. – ECF No. 10-1 at 3 ¶ 6.

[17] Do Decl. – ECF No. 10-1 at 2 ¶ 2.

Corp. Code. § 1702(a). The court also directs the plaintiffs to again make service by email, using carloscfpainting@gmail.com.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
LAUREL BEELER
United States Magistrate Judge